DOMENICK TRAVALINE, PROSECUTOR, v. BOROUGH OF PAULSBORO, RESPONDENT.

LEWIS KOKO, PROSECUTOR, v. BOROUGH OF PAULSBORO, RESPONDENT.

Submitted October 4, 1938—Decided December 30, 1938.

Before Justices Case, Donges and Porter.

For the prosecutors, *Charles Camp Cotton* and *Gene R. Mariano*.

For the respondent, *William A. Gravino*.

The opinion of the court was delivered by

Case, J.   Domenick Travaline and Lewis Koko, marshals of the borough of Paulsboro, were dropped from service and their positions filled by other appointees. The legality of their dismissals is now under review. The cases are, by consent, considered together.

At an unfixed time in the year 1935 Travaline was appointed a special officer by the public safety committee of

the borough council. For that service he was paid by the hour. On January 19th, 1937, the borough council passed a resolution enumerating various offices and positions in the borough service, fixing compensation for these employments and determining that "all borough employes mentioned herein are hired by the month." At the same meeting the mayor appointed Travaline to be a "regular marshal," and the council confirmed the appointment. At the annual organization meeting held January 3d, 1938, the mayor again appointed Travaline to be a borough marshal, but the council did not confirm. On May 3d, 1938, the council passed a resolution that "the appointment of John Fletcher and Herman Hanel be confirmed as marshals as of May 16th, 1938," in place of Domenick Travaline and Lewis Koko. Travaline had been serving as marshal continuously from the time of his appointment on January 19th, 1937, until he was forced out on May 16th, 1938. There were no charges and there was no hearing. The force consisted of a chief of police and three marshals.

Prosecutor relies upon the following decisions in support of his contention that he was under a tenure status and could not be dismissed without charges and hearing: *Kinnard* v. *Geiler*, 15 *N. J. Mis. R.* 42; *Sprague* v. *Borough of Seaside Park*, 9 *Id.* 305; *affirmed*, 109 *N. J. L.* 347; *Stines* v. *Board of Commissioners of the Borough of Belmar*, 11 *N. J. Mis. R.* 757. We think that the facts bring prosecutor Travaline within the benefit of those decisions if the statutory law remains the same. The basic statutory provision upon which these cases were determined was incorporated into the Municipalities act of 1917, chapter 152, *Pamph. L.* 1917, as article XVI, section 3 of which provided that "the officers and men employed in every municipal police department shall severally hold their respective offices and continue in their respective employment during good behavior, efficiency and residence in the municipality wherein they are respectively employed; and no person shall be removed from office or employment in any such police department or from the police force of any such municipality for political reasons, or for any other cause

than incapacity, misconduct, non-residence or disobedience of just rules and regulations," and section 5 of which provided that no person in any such police department should be removed except after just cause theretofore provided "and then only after written charge or charges of the cause or causes of complaint" should have been preferred. The arrangement and phraseology have been changed in the 1937 Revision so as to incorporate provisions regarding fire departments and particularly in bringing in chapter 244, *Pamph. L.* 1935, amending section 3 of article XVII of the Municipalities act; but so much of the 1937 Revision, at 40:47-5, as relates to the officers and men employed in a municipal police department leaves the statute substantially as it was at the time of the rendering of the cited decisions.

A borough marshal regularly appointed to full time service in the police department is, under the statute, immune from summary removal. There is no legal authority for a borough, in making police appointments to the regular force, to make such appointments for a year or any other limited term. A police department, to receive the application of the statute, need not be created by ordinance but exists where there are facts comparable to those in this case, namely, where there exists a regular organization of marshals serving under a chief of police with the supervision of the mayor or a committee of council and functioning as full time police officers. *Moore* v. *Borough of Bradley Beach,* 87 *N. J. L.* 391, and the cases cited *supra.*

The facts relating to the prosecutor Koko are not sufficiently different to require separate discussion. Enough to say that he has such additional support as may come from the 1937 Revision, 38:16-1 and 38:16-2, by force of the fact that he is a veteran of the World War with honorable discharge.

The proceedings by which the dismissal of the prosecutors from their offices was effected will be set aside, with costs.